IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DALE LEACH and KAYE LEACH, )
)
               Plaintiffs, )
)
vs. ) Case No. 08-cv-0143-MJR-CJP
)
CONOCOPHILLIPS COMPANY )
and BAUER CORPORATION, )
)
               Defendants. )

## ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

On February 29, 2008, Defendant ConocoPhillips Company removed the above-captioned case to this United States District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332. The case comes now before the undersigned Judge for threshold review.

Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action is between citizens of different states. The party invoking subject matter jurisdiction bears the burden of demonstrating that all jurisdictional requirements have been met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006), *cert. denied*, 127 S. Ct. 2952 (2007); *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

The proponent of federal jurisdiction in the instant case, ConocoPhillips must show by a preponderance of the evidence facts that suggest the amount-in-controversy requirement has been satisfied. *Oshana*, 472 at 511, *citing Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). As a general rule in a removed case, a "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* And once the removing defendant establishes the required amount in controversy, the plaintiff can defeat jurisdiction only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

The amount in controversy suffices for threshold purposes, because ConocoPhillips identifies (as to one of the Plaintiffs) medical bills over $90,000 and wage loss over $110,000. The problem lies with establishing complete diversity. The removal petition states that Plaintiffs are Illinois citizens, and Defendant ConocoPhillips is a citizen of Delaware and Texas (incorporated in the former state, with its principal place of business in the latter state).

Things are less clear as to the second Defendant – Bauer Corporation – who filed a consent to removal (Exh. C to Doc. 2). The removal notice alleges only: "Upon information and belief, Bauer Corporation is a foreign corporation with its principle [sic] place of business being outside the State of Illinois" (Doc. 2, p. 2). This is not enough to support the exercise of diversity jurisdiction. The law of this Circuit is piercingly clear that the proponent of federal diversity jurisdiction must identify the states of citizenship of each and every party. Merely saying a defendant is diverse or is not an Illinois citizen does not suffice. *See Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997)("**the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship**"). *See also Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072-73 (7th Cir. 1992)(**questioning sufficiency of allegations based on information and belief, and noting: "Once the court sounds the alarm, the litigants must be precise…."**).[1]

Because each jurisdictional fact must be pinned down, the undersigned Judge **DIRECTS** ConocoPhillips - <u>by March 30, 2008</u> - to file an Amended Removal Notice (the original will not be *stricken*, so ConocoPhillips need not re-file each of the attachments) identifying each and every party's state(s) of citizenship, specifically including Defendant Bauer.

Finally bearing note is the fact that the record before the Court indicates that Bauer may not be a true "defendant" at all. It may be that Bauer was only named by Plaintiffs in the state court action as a "respondent in discovery" under the Illinois Code of Civil Procedure. It may further be true that Bauer had not yet been *converted* to a defendant in the state court action, prior to removal.

---

[1] The state court complaint does not supply the missing information. Plaintiffs allege that Bauer is an "Ohio corporation," leaving open the question whether Bauer is incorporated in that state, maintains its principal place of business there, or both.

Therefore, it may be that Bauer is not actually a party to the lawsuit in the jurisdictional sense, and thus Bauer's citizenship may be wholly irrelevant for purposes of diversity. *See, e.g., Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 (7th Cir. 1996).

Unfortunately, this Court cannot glean that from the state court complaint and removal petition. If Bauer never became a defendant in the state court action and remained a mere "respondent in discovery" under 735 ILCS 5/2-402, instead of filing an Amended Removal Notice, ConocoPhillips should file a Jurisdictional Memorandum addressing this point (and citing caselaw for the theory that Bauer's citizenship is irrelevant), by the March 30, 2008 deadline.

IT IS SO ORDERED.

Dated this 10th day of March 2008.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge