IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DALE LEACH and KAYE LEACH, )
)
         Plaintiffs, )
)
vs. ) Case No. 08-cv-0143-MJR-CJP
)
CONOCO PHILLIPS COMPANY )
and BAUER CORPORATION, )
)
         Defendant. )

MEMORANDUM AND ORDER

Reagan, District Judge:

      A.    Procedural and Factual Background

In February 2006, while employed by Washington Group and working at the Conoco Phillips refinery in Wood River, Illinois, Dale Leach sustained injuries from the collapse of a ladder. The ladder, manufactured by Bauer Corporation, allegedly splintered and buckled beneath Dale, who fell from it to the ground.

In January 2008, Dale and his wife Kaye Leach ("Plaintiffs") filed suit in the Circuit Court of Madison County, Illinois naming Conoco Phillips as the sole defendant and naming Bauer as a respondent in discovery, a special category of non-party authorized by Illinois statute.[1]

---

[1] The Illinois Code of Civil Procedure, 735 ILCS 5/2-402 (West 2004), discussed below, allows a plaintiff to designate a person or entity as a "respondent in discovery" rather than a defendant.

Plaintiffs' state court complaint alleged that Conoco Phillips negligently failed to maintain the ladder in a safe condition, failed to inspect the ladder, and allowed Dale to use the ladder in an unsafe condition. The complaint contained a loss of consortium claim by Kaye against Conoco Phillips. The complaint also asked that Bauer – named as a "respondent in discovery" – participate in discovery in the case, since Bauer might have information regarding additional defendants to be named in the suit. *See* Doc. 2-3, p. 5.

Conoco Phillips removed the action to this Court on February 29, 2008 and filed an amended removal notice two weeks later. On threshold review, the undersigned Judge determined that this Court enjoys subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332.

Two months after the case was removed to this District Court, Plaintiffs amended their complaint, for the first time naming Bauer as a *defendant*. Count 1 of the amended complaint is a negligence claim against Conoco Phillips. Count 2 is a loss of consortium claim against Conoco Phillips. Count 3 purports to state a products liability claim against Bauer, alleging that Bauer breached its duty to Dale by manufacturing and selling a ladder that was unreasonably dangerous and defective. Count 4 is a loss of consortium claim by Kaye Leach against Bauer.

Conoco Phillips answered the amended complaint on May 19, 2008. Bauer moved for judgment on the pleadings or, alternatively, for dismissal from

the lawsuit. That motion was fully briefed as of July 15, 2008, and the Court now rules thereon as follows.

B. Applicable Legal Standards

Bauer seeks dismissal of Counts 3 and 4 of the amended complaint under Federal Rule of Civil Procedure 12(b)(6)(failure to state a claim upon which relief can be granted) or, alternatively, judgment on the pleadings under Rule 12(c).

Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." **Bell Atlantic Corp. v. Twombly**, – U.S.–, 127 S. Ct. 1955, 1965 (2007); **EEOC v. Concentra Health Services, Inc.**, 496 F.3d 773, 776 (7th Cir. 2007). In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in plaintiff's favor. **St. John's United Church of Christ v. City of Chicago**, – F.3d –, 2007 WL 2669403, *7 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 2431 (2008); **Pisciotta v. Old National Bancorp**, 499 F.3d 629 (7th Cir. 2007).

The complaint must give the defendant fair notice of what the suit is about and the ground on which it rests. **Swierkiewicz v. Sorema N.A.**, 534 U.S. 506, 512 (2002); **Mosely v. Board of Education of City of Chicago**, 434 F.3d 527, 533 (7th Cir. 2006).

Similarly, in evaluating a complaint under Rule 12(c),[2] the Court takes the facts alleged therein as true and, drawing reasonable inferences in plaintiff's favor, asks whether the complaint (1) gives the defendant fair notice of the grounds upon which the claim rests and (2) raises the plaintiff's right to relief above the speculative level. **Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007), quoted in Grammar v. Aetna Life Ins. Co., — F.3d —, 2008 WL 2821910, *1 (7th Cir. July 18, 2008).** A Rule 12(c) motion should be granted "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and there are no material issues of fact to be resolved." **Moss v Martin, 473 F.3d 694, 698 (7th Cir. 2007).**

The motion under consideration here proceeds from the premise that Plaintiffs filed their claims against Bauer after the statute of limitations ran. As a general rule, because the statute of limitations is a *defense*, a plaintiff need not anticipate and refute it in his complaint. **United States Gypsum Co. v. Indiana Gas Co., 350 F.3d 623, 626-28 (7th Cir. 2003). Accord Mosely, 434 F.3d at 533 (in discussing dismissal for failure to exhaust administrative remedies, Seventh Circuit noted that the plaintiff "had**

---

[2] "Under Federal Rule of Civil Procedure 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer." **Supreme Laundry Service, L.L.C. v. Hartford Cas. Ins. Co., 521 F.3d 743, 746 (7th Cir. 2008).**

**no obligation to allege facts negating an affirmative defense in her complaint").**

Nonetheless, if the allegations of the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Limestone Dev. Corp. v. Village of Lemont, Illinois*, 520 F.3d 797, 802 (7th Cir. 2008), *quoting Jones v. Bock*, 549 U.S. 199 (2007). *Accord Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)(**"when the existence of a valid affirmative defense is so plain from the face of the complaint," Rule 12(b)(6) dismissal is warranted).** *See also Bilow v. Much Shelist Freed Deneneberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 893 (7th Cir. 2001)(**whether claims were barred by statute of limitations could be addressed "on the pleadings (technically under Rule 12(c), as it relates to an affirmative defense")).**

A final point bears mention here. Bauer seeks dismissal for failure to state a claim under Rule 12(b)(6) or judgment on the pleadings under Rule 12(c). In assessing a motion under either Rule, this Court is prohibited from viewing materials "outside the pleadings" (including affidavits and exhibits not attached to or otherwise made part of the complaint).

Federal Rule of Civil Procedure 12(d) requires that such materials only be considered if the motion is treated as one for summary judgment under

Rule 56, with notice to the parties that the motion will be construed as such plus an opportunity to brief the motion that way. **FED. R. CIV. PROC. 12(d)**. The Court is not obligated to rely on the outside materials. But if outside materials *are* considered, the notice and briefing opportunity is mandatory. ***Loeb Industries, Inc. v. Sumitomo Corp.***, **306 F.3d 469, 479 (7th Cir. 2002)**, *citing* ***Edward Gray Corp. v. National Union Fire Ins. Co.***, **94 F.3d 363, 366 (7th Cir. 1996)**. ***See Also Omega Healthcare Investors, Inc. v. Res-Care, Inc.***, **475 F.3d 853, 855 n.3 (7th Cir.)**, *cert. denied*, **127 S. Ct. 3013 (2007)**.

    C.    <u>Analysis</u>

Bauer maintains that Plaintiffs blew the applicable limitations period by not naming Bauer as a defendant within two years of Dale Leach's February 2006 accident. Furthermore, Bauer contends that Plaintiffs did not avoid that pitfall by amending the complaint to make Bauer a defendant in May 2008, at which point the suit had been in federal court for several months.

Plaintiffs concede that the applicable statute of limitations is two years for product liability claims under 735 ILCS 5/13-213 (*see* Doc. 30, p. 4). They agree that the two-year period commenced with Dale's injury (February 16, 2006) and ran through February 17, 2008 (*see* Doc. 28, p. 2; Doc. 30, p. 4). The pleadings plainly establish that Bauer was not named as a defendant until May 9, 2008, when Plaintiffs filed their amended complaint –

nearly three months past the February 17, 2008 deadline.

However, Plaintiffs offer two main arguments against Bauer's Rule 12 motion.[3] First, Plaintiffs suggest that their status as a respondent in discovery in state court means that Bauer "was made a defendant well within the applicable two year limitation period" (Doc. 30, p. 4). This assertion fails. A respondent in discovery is *not* the equivalent of a defendant. Illinois law makes that obvious, and the undersigned Judge's Order on threshold review reminded counsel of this fact.

In ***Westmeyer v. Flynn*, 889 N.E.2d 671, 673 n.2 (Ill. App. 2008)**, the Illinois Court of Appeals reiterated: "respondents in discovery are not parties to the action in which they are named." ***Accord Shanklin v. Hutzler*, 691 N.E.2d 7, 13 (Ill. App. 1995)**; ***Engel v. St. Mary's Hosp. of Decatur*, 555 N.E.2d 810, 811 (Ill. App. 1990).** Rather, respondents in discovery are a category of non-defendants unique to Illinois law.

The Seventh Circuit, too, has pointed out that respondents in discovery are *not* parties as, for example, in ***Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n.3 (7th Cir. 1996):** "at the time she filed

---

[3] A third argument, based on waiver, relies on an affidavit from Plaintiffs' counsel (Tammi Jackson) and an email between Jackson and defense lawyer Louis Basso (*see* Doc. 30). These materials, apparently tendered to show that Bauer did not object to Plaintiffs' stated intention to amend the complaint, cannot properly be considered on this Rule 12(b)(6)/12(c) motion – which was neither treated by the Court nor briefed by counsel as a summary judgment motion.

her motion to remand, Dr. Anderson was not a party to the lawsuit, but merely a respondent-in-discovery."[4]

Being named as a respondent in discovery before the two-year period elapsed does not mean Bauer was timely made a *party* to the suit, a point the undersigned Judge underscored in his March 2008 Order on threshold review (Doc. 4, p. 2), pointedly querying whether Bauer had been *converted* from a "respondent in discovery" to a defendant prior to removal.[5]

735 ILCS 5/2-402 states (emph. added):

> The plaintiff in any civil action may designate as respondents in discovery … individuals or other entities, other than the named defendants, believed … to have information essential to the determination of who should properly be named as additional defendants in the action.
>
> [E]ntities so named … shall be required to respond to discovery … in the same manner as are defendants and **may, on motion of plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action**.

Originally applied primarily in medical malpractice cases, § 402 was a reform measure enacted to help defendants avoid the costs and burdens of

---

[4] ***Accord Shutes v. Fowler*, 584 N.E.2d 920, 922 (Ill. App. 1991).**

[5] Alternatively, Plaintiffs argue that Bauer became a defendant by consenting to removal on February 29, 2008 (*see* Doc. 30, pp. 7-8; Doc. 2-5). But *that* date also falls after the two-year limitations period ran. So if Bauer became a defendant via February 29th consent to removal (instead of Plaintiffs' May 9th complaint amendment), that was after the limitations period had expired.

litigation while assisting plaintiffs in discovering parties against whom a cause of action might lie. *See Robinson v. Johnson*, 809 N.E.2d 123, 129 (7th Cir. 2003); *Bosgeth v. Emanuel*, 655 N.E.2d 888 (Ill. 1995); *Lewis v. Dillon*, 816 N.E.2d 715, 721 (Ill. App. 2004).

As the above-highlighted portion of § 402 states, upon motion and showing of probable cause, an entity can be *converted* to a defendant within six months of being named a respondent in discovery. **735 ILCS 5/2-402.** Key to the issue before this Court, that conversion can take place "even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." *Id.; see also Robinson*, 809 N.E.2d at 129-30.

This leads to Plaintiffs' second argument – that this six-month extension provision of § 402 saves their claims from being time-barred. The problem is Plaintiffs never effected such a conversion.

They never moved in *state court* to convert Bauer from a respondent in discovery to a defendant. And after the case was removed to federal court, when Plaintiffs obtained leave to amend their complaint to add Bauer as a defendant, they did **not** do so via § 402 (which requires a motion citing probable cause for the conversion).

Instead, Plaintiffs' sought amendment to correct a pleading error on the claim against Conoco Phillips. As to adding Bauer via the amendment,

Plaintiffs recognized that the Illinois provision for converting respondents in discovery "is not found in the Federal Rules of Civil Procedure" (Doc. 17, p. 2). Significantly, Plaintiffs requested leave to amend on the ground that "the claim against Bauer Corporation arose from the same occurrence as set forth in the original pleading" and amendment "will not cause prejudice to the parties already before the Court" (Doc. 17, p. 2). That is not the standard for converting a respondent in discovery to a defendant under 735 ILCS 5/2-402.

Indeed, in their brief opposing Bauer's Rule 12 motion, Plaintiffs acknowledge that they **"did not seek to amend [the] complaint to add Bauer Corporation pursuant to 735 ILCS 5/2-402"** but instead added Bauer as a "**necessary party under Rule 19**" (Doc. 30, p. 9, emph. added).

Despite the fact Plaintiffs never converted Bauer from a respondent in discovery to a defendant while the case was pending in state court and sought leave to add Bauer as a defendant in this court based on the *Federal* Rules of Civil Procedure (not any Illinois rule), Plaintiffs now rely on 735 ILCS 5/2-402 to clear the hurdle posed by the statute of limitations.

As explained above, Plaintiffs did not avail themselves of this Illinois procedural rule while they were in state court and did not rely on it once they were in federal court. Their motion for leave to amend complaint (1) concedes that the respondent in discovery provision "is not found in the Federal Rules of Civil Procedure," (2) does not mention the standard for converting a respondent

to a defendant under § 402 – "if the evidence discloses the existence of probable cause," and (3) seeks amendment on the ground that the claim against Bauer "arose from the same occurrence as set forth in the original pleading," so "it is in the interest of judicial economy that the Plaintiff's [sic] be allowed to amend their Complaint" (Doc. 17, p. 2).

This Judge is not convinced that a state rule of civil procedure (735 ILCS 5/2-402) governs amendment of complaints in this court post-removal, thereby trumping applicable *federal* provisions, like 28 U.S.C. § 1447(e) (joinder of defendants in removed cases), Federal Rule of Civil Procedure 19 (compulsory joinder) and Federal Rule of Civil Procedure 20 (permissive joinder). **See Montclair-Bohl v. Janssen Pharmaceutical, Inc., 2006 WL 2700013, *1 (N.D. Ill. 2006)(After finding Illinois respondent-in-discovery rule in direct conflict with Fed. R. Civ. P. 19 and 28 U.S.C. § 1447(e), court held "the Supremacy Clause dictates that the latter controls."). See also Remet Corp v. City of Chicago, 509 F.3d 816, 818 n.1 (7th Cir. 2007)(confirming that, under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), federal court sitting in diversity applies substantive state law).**

Earlier this year, in a procedurally distinguishable but instructive case, the undersigned Judge indicated that – once in federal court – plaintiffs could **not** convert a respondent in discovery to a defendant, *if* the limitations

period had run. *Canterbery v. Petrovich*, 2008 WL 63263, *3 (S.D. Ill. 2008)(remarking that plaintiff "was able to achieve in state court what he could not have achieved in federal court: he converted a respondent in discovery to a defendant after the limitations period expired"). *See also S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir.)("The applicability of state procedural rules in federal diversity litigation is a knotty issue," but if "the state rule is in actual conflict with one of the Federal Rules of Civil Procedure," and the federal rule was validly promulgated under the Rules Enabling Act, "the Supremacy Clause requires that the state rules give way."), *cert. denied*, 516 U.S. 1010 (1995).

Stated another way, application of 735 ILCS 5/2-402 here would likely run afoul of the *Erie* doctrine or the Supremacy Clause. But assuming, *arguendo*, that this District Court <u>did</u> apply Illinois civil procedure rules for joining defendants, Plaintiffs never converted Bauer to a defendant under the Illinois rule (§ 402 motion disclosing the existence of probable cause). Thus, it is difficult to discern how Plaintiffs can argue for application of § 402's "extra six months" provision.

The pleadings plainly reveal that Bauer became a party when named as a defendant in the May 9, 2008 amended complaint. That was not within the two-year statue of limitations period (through February 17, 2008).

Bauer being named as a respondent in discovery in the state court action did not, by itself, extend the two-year deadline. Plaintiffs never converted Bauer to a defendant under 735 ILCS 5/2-402 in state court, and they did not move under § 402 for conversion of Bauer in this Court. Instead, they added Bauer by filing an amended complaint on May 9, 2008, premised on the fact that "the claim against Bauer arose from the same occurrence" as the claim against Conoco Phillips, no delay would result from the amendment, and the interest of judicial economy would be served by adding Bauer (Doc. 17).[6] The statute of limitations for product liability claims had expired when Plaintiffs filed the amended complaint on May 9, 2008.

D. Conclusion

Accepting as true all well-pled factual allegations and drawing in Plaintiffs' favor all reasonable inferences therefrom, the Court concludes that the applicable statute of limitations bars relief on Counts 3 and 4 of the amended complaint. For all the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Bauer's motion (Doc. 28).

---

[6] Plaintiffs' reliance on Federal Rule of Civil Procedure 15(c)(1)(B)'s relation-back provision is misguided. That Rule applies to <u>parties</u>. Bauer was not a party named in the original complaint. And Rule 15(c)(1)(C) does not help, because – by its own terms – it covers only situations of mistaken identity. ***See also Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008)(this provision requires a mistake concerning the identity of the proper party)**; BAICKER-MCKEE, JANSSEN & CORR, **Federal Civil Rules Handbook (2008, p. 471: "Thus, if the party seeking to amend made no mistake, relation back is not permitted under Rule 15(c)(1)(C).").**

The motion is <u>granted</u> in that dismissal is warranted on the products liability claim against Bauer (and the loss of consortium claim based thereon) -- Counts 3 and 4 of the amended complaint.

The motion is <u>denied</u> in that the Court will not yet dismiss Bauer as a party from this action. It is possible that other claims remain against Bauer, claims with longer statute of limitations, claims not yet time-barred.

Accordingly, the Court **DISMISSES** with prejudice Counts 3 and 4 of the amended complaint. Plaintiffs are **GRANTED LEAVE – on or before September 6, 2008 –** to file a "second amended complaint" containing any *other* claims they may have against Bauer (not based on product liability). The undersigned Judge expresses no opinion as to whether any such claims exist.

IT IS SO ORDERED.

DATED this 6th day of August 2008.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge